UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 17 2016

Jhonatan D. Hernandez,

    Plaintiff,

–v–

Norward L. Leichliter et al.,

    Defendants.

14-CV-5500 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff filed this negligence action in New York state court on April 1, 2014 seeking recovery for injuries sustained in a car accident on the George Washington Bridge. Defendants removed this action to federal court on July 22, 2014. Dkt. No. 1. Currently pending before the Court is Defendants' motion for partial summary judgment on Plaintiff's "90/180" claim. Dkt. No. 65. For the reasons articulated below, Defendants' motion is GRANTED.

I.    BACKGROUND[1]

On November 15, 2013, Plaintiff was driving his car on the George Washington Bridge. SF ¶ 1-2. At some point, his vehicle made contact with that of Defendant Leichliter. *Id.* ¶ 1. Plaintiff alleges that Defendant Leichliter caused the accident and seeks compensation for serious injuries that he sustained as a result. Comp. ¶¶ 20, 24.

At the time of the accident, Plaintiff was employed by the New York City Police Department ("NYPD") as a police officer. SF ¶¶ 3-4. From July 2013 through August 2014,

---

[1] The following facts are taken from Defendants' 56.1 Statement of Undisputed Facts ("SF," Dkt. No. 68). Because Plaintiff did not file a counterstatement, the Court will treat these facts as admitted pursuant to Local Civil Rule 56.1(c). The Court also notes that this information appears in Plaintiff's deposition. *See* Dkt. No. 66 Ex. F.

1

Plaintiff was assigned to "modified duty," also known as "desk duty," instead of his regular patrol. *Id*. During this period, which included the months leading up to and following his accident, Plaintiff was charged with monitoring security cameras in a public housing development for eight hour shifts five days a week. *Id*. ¶ 5. Plaintiff reported to work for his usual shift on his next scheduled workday after the accident. *Id*. ¶ 6. In the week following the accident, Plaintiff worked each of his regularly scheduled shifts, and at no point did he report his accident to anyone in the NYPD. *Id*. ¶¶ 6, 8.

## II. LEGAL STANDARD

Under New York's "no-fault" scheme, a party may only sue to recover damages for injuries caused by a car accident in cases of "serious injury." N.Y. Ins. Law § 5104 (McKinney). There are nine categories of "serious injury" recognized in the no-fault scheme. *See id*. § 5102(d). Relevant here is the ninth category, defining "serious injury" as:

> a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

*Id*. Defendants seek summary judgment with respect to Plaintiff's allegations in this category, which the parties refer to as Plaintiff's "90/180 claim."

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). However, this burden "may be discharged by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v.*

2

*Catrett*, 477 U.S. 317, 325 (1986). Once this burden is met, "the opposing party must come forward with specific evidence demonstrating . . . a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). In the New York no-fault context, at the summary judgment stage "a defendant must establish a prima facie case that plaintiff's injuries were not serious and then the burden shifts to plaintiff" to raise a genuine dispute of material fact on the issue. *Morrone v. McJunkin*, No. 98-CV-2163 (DLC), 1998 WL 872419, at *2 (S.D.N.Y. Dec. 15, 1998) (citing *Gaddy v. Eyler*, 591 N.E.2d 1176, 1177 (N.Y. 1992)).

### III.   DISCUSSION

Defendants argue that they are entitled to summary judgment on Plaintiff's 90/180 claim because Plaintiff returned to his regular work duties immediately after the accident. Br. at 8. Plaintiff responds that his ability to return to work does not establish as a matter of law that he was able to "perform[] substantially all of the material acts which constituted his 'usual and customary' activities" for the relevant period. Opp. Br. at 3 (quoting N.Y. Ins. Law § 5102(d)).

New York courts have frequently held that there is no "serious injury" under the 90/180 category as a matter of law, and thus that summary judgment for a defendant is appropriate, if a plaintiff returns to work within 90 days of a car accident. *See Licari v. Elliott*, 441 N.E.2d 1088, 1092 (N.Y. 1982) (no 90/180 claim where plaintiff resumed regular work duties 24 days after the accident); *Fludd v. Pena*, 997 N.Y.S.2d 14, 16 (App. Div. 2014) (no 90/180 claim where police officer returned to limited duty eight weeks after her accident). Responding to this line of cases, Plaintiff points to two cases where courts denied defendants' motion for summary judgment on a 90/180 claim despite a plaintiff's prompt return to work. *See Nigro v. Penree*, 661 N.Y.S.2d 137, 138 (App. Div. 1997) (although plaintiff returned to work, his responsibilities changed and he was "unable to perform the activities of his profession" as a tennis instructor); *Judd v. Walton*,

3

703 N.Y.S.2d 845, 846 (App. Div. 1999) (although plaintiff was able to return to work, his "injuries prevented [him] from performing his usual household duties, participating in recreational activities or engaging in sexual relations").

As noted above, at the summary judgment stage, "a defendant must establish a prima facie case that plaintiff's injuries were not serious and then the burden shifts to plaintiff" to raise a genuine dispute of material fact about the seriousness of his injuries. *Morrone*, 1998 WL 872419, at *2 (citing *Gaddy*, 591 N.E.2d at 1177); *see also Brown*, 654 F.3d at 358 (once the moving party has met its burden, "the opposing party must come forward with specific evidence demonstrating . . . a genuine dispute of material fact"). In light of this framework, the Court reads the 90/180 case law to establish that a prompt return to one's previous job constitutes "a prima facie case that plaintiff's injuries were not serious." *Morrone*, 1998 WL 872419, at *2. The burden then shifts to the plaintiff to demonstrate that despite his prompt return to work, he was nevertheless "prevent[ed] . . . from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days." N.Y. Ins. Law § 5102(d). Using this analysis, the Court finds that Defendants' evidence that Plaintiff returned to his regular work schedule performing his regular duties less than two days after his accident meets their burden of establishing a prima facie case that his injuries do not satisfy the requirements of the 90/180 category for "serious injury." *See Licari*, 441 N.E.2d at 1092 (no serious injury where Plaintiff returned to work three weeks after the accident); *Fludd*, 997 N.Y.S.2d at 16 (no serious injury where Plaintiff returned to work eight weeks after the accident). Unlike the plaintiffs in *Nigro* and *Walton*, Plaintiff has not responded to Defendants' argument with any evidence that he was otherwise "prevent[ed] . . . from performing

4

substantially all of . . . [his] usual and customary daily activities" despite his prompt return to work. N.Y. Ins. Law § 5102(d).

Because Plaintiff has not "come forward with specific evidence demonstrating . . . a genuine dispute of material fact" in response to Defendants' prima facie case of non-serious injury, see Brown, 654 F.3d at 358; Morrone, 1998 WL 872419, at *2, the Court concludes that Defendants are "entitled to judgment as a matter of law" on that claim. Fed. R. Civ. P. 56(a).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED with respect to Plaintiff's 90/180 claim. Per Rule 5.A of the undersigned's Individual Practices in Civil Cases, the parties shall file their joint pretrial report within 14 days of the date of this order. The parties shall also appear for a scheduling conference on Friday March 11, 2016 at 2:00 p.m.

This resolves Dkt. No. 65.

SO ORDERED.

Dated: February 17, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge